# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1274V
Filed: August 9, 2017
UNPUBLISHED

|  |  |
|---|---|
| CINDY BERNARDINI, individually,<br><br>                        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                        Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Michael P. Stacy*, Law Office of Michael P. Stacy, Rochester, NY, for petitioner.
*Linda S. Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On October 28, 2015, Cindy Bernardini ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on October 3, 2013. Pet. at 1-4. On January 17, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 45).

      On June 16, 2017, petitioner filed a motion for attorneys' fees and costs, requesting attorneys' fees in the amount of $7,815.00 and attorneys' costs in the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

amount of $1,369.94 for a total amount of $9,184.94.  Petitioner's First Motion for Attorneys' Fees and Costs ("Pet. First Motion") at ¶¶ 5-7 (ECF No. 50).

On June 19, 2017, respondent filed a response to petitioner's motion.  (ECF No. 51).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On July 3, 2017, the OSM staff attorney managing this SPU case emailed petitioner's counsel (copying respondent's counsel on the correspondence) regarding the need for receipts for the costs requested and a General Order #9 statement or representation from counsel regarding any out-of-pocket litigation costs of petitioner.  *See* Informal Remark, dated July 3, 2017.  In response, petitioner filed a second motion for attorneys' fees and costs.  Petitioner's Second Motion for Attorneys' Fees and Costs ("Pet. Second Motion"), filed August 2, 2017 (ECF No. 52).  In this second motion, petitioner requested the same amount of attorneys' fees, $7,815.00, but increased the amount sought for attorneys' costs to $1,519.41.  *Id.* at ¶¶ 5-7.  Thus, the new total for attorneys' fees and costs is $9,334.41.

On August 3, 2017, the staff attorney asked respondent's counsel by email (copying petitioner's counsel on the correspondence) whether respondent wished to file another response to petitioner's second motion for attorneys' fees and costs.  *See* Informal Remark, dated August 3, 2017.  Respondent's counsel confirmed that respondent stands by his earlier response filed on June 19, 2017, and does not wish to file another response.  *Id.*

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the amount of attorneys' fees requested appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.  Petitioner is awarded attorneys' fees in the amount of **$7,815.00.**

Regarding the costs sought by petitioner, the undersigned notes there is no receipt for the entry in the amount of $195.96 on the list of costs which is dated 3/26/15 and labeled "Patrick Printing copy/scan medical records."  Pet. Second Motion at 10.  There is a receipt for payments made to Patrick Printing in the amount of $227.17 dated 10/1/15.  *Id.* at 16.  This receipt, however, corresponds to a different entry for $227.17 on the list of costs, labeled simply "Scan/copying costs," also dated 10/1/15.  *Id.* at 10.  A comparison of the costs billed in both of these motions shows that the 3/26/15 entry for which there is no receipt appears on both lists of costs, but the entry dated 10/1/15 for which there is a receipt appears only on the list of costs in petitioner's second motion.  *Compare* Pet. First Motion 10-11 *with* Pet. Second Motion at 10-11.  Thus, it appears the petitioner simply failed to remove the 3/26/15 entry from the list of costs in

the second motion when the correct 10/1/15 entry for $227.17, which is supported by a receipt, was added.  Because there is no receipt to support the amount sought, the costs awarded are reduced by $195.96.  Petitioner is awarded costs in the amount of **$1,323.45.**

　　　　The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

　　　　**Accordingly, the undersigned awards the total of $9,138.45[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael P. Stacy.**

　　　　The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　**s/Nora Beth Dorsey**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Nora Beth Dorsey
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.